### THE FOLMINA.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

#### No. 193.

1. SHIPPING—DAMAGE TO CARGO—BURDEN OF PROOF AS TO SEA PERILS.

Under a bill of lading which exempts the vessel from liability for injury to cargo through perils of the sea, where damage was caused by sea water, the burden rests on the vessel to show sufficient stress of weather to warrant the inference that such water found access to the cargo through a peril of the sea.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 481.

Loss by perils of the sea, see note to The Dunbritton, 19 C. C. A. 465; Southerland-Innes Co. v. Thynas, 64 C. C. A. 118.]

2. SAME.

A decree dismissing a libel to recover for damage to cargo affirmed where the evidence left it uncertain whether the damage was caused by sea water or by sweat and heat, and the bill of lading exempted the vessel from liability for injury caused by perils of the sea or from sweat or decay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 481, 484.]

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the District Court, Eastern District of New York, dismissing a libel, brought to recover for cargo damage against the Steamship Folmina. The opinion below is reported in (D. C.) 143 Fed. 636. The steamship sailed from Kobe, Japan, for New York with No. 3 lower hold filled with rice in bags. During discharge the rice on the starboard side was found damaged. The area of injury was downward from the first six tiers of bags to the bottom of the hold which was dry, forward

from about the after end of the hatchway nearly to the bulkhead, and inboard about three or four bags. The damage was caused by water and consequent heat. The bill of lading exempted the carrier from "the act of God * * * loss or damage from * * * explosion, heat or fire on board * * * risk of craft or hulk or transshipment and all and every the dangers and accidents of the seas, rivers and canals and of navigation of whatever nature or kind." It further provided that the ship "is not liable for * * * sweat, rust, decay, vermin, rain, spray." It is manifest upon the proofs, and no one disputes, that the damage was caused either by sweat and heat, or by sea water and consequent heat. The district judge found the evidence not sufficient to satisfy him as to which of these two causes was responsible for the damage. He exonerated the ship because she had "stipulated against damage from sea water," and also against damage from heat and sweat. He says: "If the injurious cause was sea water, its means of access is beyond the bounds of human research or discovery, and the law should not require the performance of impossibilities as a condition of a carrier's exculpation. Indeed, the impossibility of discovering how the sea water could enter a sound and properly navigated ship strongly aids the evidence that it did not enter. But that is left undecided. If the injury was the result of sweating, heat, or natural decay due to the inherent and natural condition of the goods, the ship is not liable, unless the act or omission of the owner or his servants intervened to incite or to aid such cause, which is not the case. If the injury arose from sea water, without the carrier's fault, he is released by the stipulation provided he shows the fact. * * * When the carrier shows that a sea peril, in this case sea water, within the exception of the bill of lading did the damage, the burden is upon the shipper to prove that the carrier's negligence intervened."

F. M. Brown and Butler, Notman & Mynderse, for appellants.
J. P. Kirlin, John M. Woolsey, and Convers & Kirlin, for appellee.
Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The opinions of the three members of the court upon the questions presented in this case are so discordant that no good purpose will be served by any detailed statements of the reasons by which they reach their several conclusions. It will be sufficient to indicate what those conclusions are.

Evidently the conclusion of the district judge was arrived at by first determining upon whom the burden of proof rested; and it would seem that in determining that preliminary question he assumed that the bill of lading stipulated against damage by "sweat" and damage by "sea water." The stipulations, however, are in fact against damage by "sweat" and damage by "perils [dangers and accidents] of the seas." This court recently considered the question of burden of proof in the case of the Patria, where the exceptions were "perils of the seas" and "decay of any kind"; and expressed itself as follows:

"It is, no doubt, the rule, as appellant contends, that, when the damage is manifestly of the sort excepted, the ship is under no obligation to show the promoting cause. To illustrate: If the exception is 'damage caused by peril of the sea,' and the cargo is landed drenched with salt water, it will be for the ship to show that the salt water found access to the cargo through a peril of the sea; but, if the exception is 'damage by breakage,' and the article arrives broken, the ship is not required to show how it got broken, although the libelant may show that negligence of those on the ship, or of those who stowed her or discharged her, caused the break, and, showing that, may recover. If the sole damage to the cargo in the case at bar were manifestly decay, and the language of the exception were, as the respondent states in his brief, 'for decay caused by inherent defect,' the ship would have the burden of showing that the decay was caused by inherent defect. If, however, the sole damage

was manifestly decay, and the language of the exception were, as given in the bill of lading, 'not responsible for damages occasioned by decay of any kind,' the appellant would be right in his contention, and, the cause of the decay not being shown to be negligence on the part of the ship, the libel should be dismissed." The Patria, 132 Fed. 971, 972, 68 C. C. A. 397.

One member of the court as at present constituted is of the opinion that, where the damage is caused by sea water, the statement of the rule as given in the above excerpt is too broad; that under the English authorities (Hamilton v. Pandorf, 16 Q. B. D. 633, 12 App. Cas. 523, and subsequent cases) the shipowner is relieved when he shows that the damage is caused by sea water and there is no evidence that any fault, negligence, or unseaworthiness of the ship allowed it to enter; and that the American cases (Hooper v. Rathbone, Taney 519, Fed. Cas. No. 6,676; The G. R. Booth, 171 U. S. 450, 19 Sup. Ct. 9, 43 L. Ed. 234) are in accord with this construction. Therefore, although not satisfied by the proofs that the damage was caused by sweat, he votes to affirm.

The other two judges adhere to the rule laid down in The Patria, but one of them is satisfied that the weight of evidence is to the effect that the damage was not caused by sea water but by sweat. Therefore he votes to affirm. The other judge is not persuaded by the evidence to a finding that the damage was caused by sweat, and believes that sea water was the cause. He does not think that, under the decision in The Patria Case, the shipowner need show just how the water got in, but that he must show sufficient stress of weather to warrant the inference that it came in because of the action of external causes. And, there being no evidence of such stress of weather, he votes to reverse.

The result is that the decree is affirmed, with costs.

NOTE.—Subsequently a reargument was ordered, and the question as to burden of proof was certified to the Supreme Court.